IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THEODORE XENIDIS, | § | |
| | § | No. 279, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1801011371 (N) |
| Plaintiff Below, | § | 1802005270 (N) |
| Appellee. | § | |

Submitted: January 15, 2020
Decided: March 17, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices, constituting the Court *en Banc*.

# **O R D E R**

This 17th day of March, 2020, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)  The appellant, Theodore Xenidis, challenges the Superior Court's ruling that it may use an allegedly uncounseled 1991 Maryland DUI conviction to enhance a sentence for subsequent Delaware DUI offenses.  There are no material disputes of fact in this case.  Instead, the outcome here turns on resolving questions of law,

which this Court reviews *de novo*.[1] Having considered the arguments presented by the parties, we hold that the Superior Court properly relied on the Maryland Conviction to enhance Xenidis's sentence and affirm the Superior Court.

(2) In January and February of 2018, Xenidis was arrested twice in Delaware and charged with two felony counts of Driving Under the Influence of Alcohol ("DUI").[2] Following bench trials, the Superior Court found Xenidis guilty of both DUI charges.[3] The State requested that the Court sentence Xenidis as a fourth offender based on his three prior DUI convictions, including (a) a Maryland conviction dated March 11, 1991 (the "Maryland Conviction"); (b) a Delaware conviction dated July 2, 1991; and (c) a Delaware conviction dated January 30, 1995.[4]

(3) The State proffered a certified record of the Maryland Conviction to support the enhanced sentence, but the certified record was silent on whether Xenidis was represented by counsel, waived the right to counsel, or was denied access to counsel when he pled guilty to the misdemeanor DUI in Maryland.[5] In response,

---

[1] *Butcher v. State*, 171 A.3d 537 (Del. 2017); *Sommers v. State*, 11 A.3d 228, 2010 WL 5342953, at *1 (Del. Dec. 20, 2010) (TABLE); *Burrell v. State*, 207 A.3d 137, 141 (Del. 2019); *Jones v. State*, 745 A.2d 856, 861 (Del. 1999).
[2] The first arrest occurred on January 20, 2018, and the second occurred on February 8, 2018. App. to Opening Br. 1, 7 ("A__" hereafter).
[3] A3; A10.
[4] App. to Answering Br. 12 ("B__" hereafter).
[5] B21-34.

2

Xenidis filed a motion to exclude the "Maryland 1991 DUI conviction as a basis to enhance his sentence," alleging that he entered the guilty plea without counsel.[6] Xenidis argued that the "uncounseled guilty plea [in Maryland] was the result of constitutional violations . . . and that an uncounseled conviction may not be used to enhance a subsequent conviction . . . ."[7] After accepting briefing on Delaware's constitutional right to counsel, the Superior Court denied Xenidis's motion to exclude the Maryland Conviction,[8] sentenced him as a fourth offender,[9] and issued a written opinion explaining its reasoning.[10]

(4) Xenidis appeals, arguing that this Court should reverse the Superior Court's holding that it could rely on the Maryland Conviction and remand for resentencing.[11] Xenidis argues that because he was uncounseled, the Maryland Conviction was unconstitutional under Delaware law and the Superior Court could not use it to enhance his sentence. In particular, he argues (a) that Article I, Section 7 of the Delaware Constitution guarantees the right to representation by counsel in misdemeanor criminal actions that do not result in incarceration[12] and (b) that

---

[6] A21-26. Xenidis makes no arguments regarding waiver of the right to counsel.
[7] A22; A26.
[8] B67.
[9] A14-19.
[10] *State v. Xenidis*, 212 A.3d 292 (Del. Super. 2019).
[11] Opening Br. 46.
[12] Del. Const. art I, § 7; Pl.'s Opening Br. 4-6.

constitutional due process bars the Superior Court from using an uncounseled conviction in another state to enhance a later DUI offense in Delaware.[13]

(5) When analyzing whether Delaware Courts can look to convictions from other states to enhance a sentence, Delaware Courts apply the "presumption of regularity."[14] The presumption of regularity attaches to all final judgments from courts of competent jurisdictions and implies that those judgments have been rightly done until contrary evidence appears.[15] The presumption applies even when a party challenging an out-of-state final judgment alleges constitutional defects.[16]

(6) The presumption of regularity, however, is rebuttable, and a person challenging the presumption afforded to out-of-state judgments bears the burden to prove some irregularity or defect in the judgment.[17] "[E]ven when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the

---

[13] Opening Br. 4-6.

[14] *See State v. Dean*, 2014 WL 3048724, at *2 (Del. Super. Jun. 5, 2014); *Johnson v. State*, 2002 WL 1038831 (Del. May 20, 2002).

[15] *Parke v. Raley*, 506 U.S. 20, 30 (1992) (citing *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)); *see also Dean*, 2014 WL 3048724, at *2; *Johnson*, 2002 WL 1038831, at *2.

[16] *Parke*, 506 U.S. at 31.

[17] *Dean*, 2014 WL 3048724, at *2 n.8 ("We note that even if the Delaware Supreme Court were to assign some burden of proving a prior conviction higher than 'not demonstrably false,' there is a fair presumption of regularity in final judgments and placing the burden of proof on the defendant to prove some defect suffers from no constitutional infirmity.").

defendant."[18]    But "unsupported allegations of irregularity are insufficient to overcome that presumption."[19]

(7)  Here, as the party seeking to overcome the presumption of regularity afforded to the Maryland Conviction, Xenidis bore the burden to show that the conviction suffered some irregularity or constitutional defect.[20]  Xenidis states that the Maryland Conviction was unconstitutional because he was uncounseled before entering the plea agreement.  Although the record suggests that more evidence concerning the Maryland Conviction exists, Xenidis presented nothing to this Court or to the Superior Court supporting his claim that he was uncounseled.[21]  For example, though the certified record of the Maryland Conviction referenced a "Tape-Date" for Xenidis's case, Xenidis never produced or sought access to the tape of the Maryland proceedings.[22]  More obvious still, Xenidis did not submit any sworn affidavits from himself or anyone else to assert that he was uncounseled for the Maryland Conviction.  Instead, Xenidis relies exclusively on unsworn statements made in his motion and briefs and the absence of evidence in the certified record to show that the Maryland Conviction was uncounseled.[23]  This, however, amounts

---

[18] *Parke*, 506 U.S. at 31.

[19] *Johnson*, 2002 WL 1038831, at *2.

[20] *See Dean*, 2014 WL 3048724, at *2 n.8; *Parke*, 506 U.S. at 31.

[21] Reply Br. 1.

[22] A27.

[23] Opening Br. 44.

5

only to "unsupported allegations of irregularity." Therefore, Xenidis has not overcome the presumption of regularity afforded to the Maryland Conviction.

(8) Thus, the Superior Court correctly relied on the Maryland Conviction to enhance Xenidis's later sentences, and this Court need not address the broader statutory and constitutional claims Xenidis raises in his briefing.[24]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[24] "[I]t is well-established in Delaware that 'a constitutional question will not be decided unless its determination is essential to the disposition of the case.'" *New Castle Cty. Council v. BC Dev. Assoc.*, 567 A.2d 1271, 1278 (Del. 1989)) (quoting *Downs v. Jacobs*, 272 A.2d 706, 708 (Del. 1970)).