IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLIFTON J. BRITTINGHAM, | § | |
| | § | No. 431, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1806013276 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 27, 2020
Decided: December 3, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the Superior Court record, it appears to the Court that:

(1)  In July 2018, the appellant, Clifton Brittingham, was charged by indictment for fifth offense driving under the influence of alcohol ("DUI"), disregarding a police officer's signal, and five traffic offenses. After a one-day bench trial, the Superior Court found Brittingham guilty of all charges.[1] Brittingham

---

[1] The State *nolle prosequied* two of the traffic offenses prior to trial. The Superior Court found Brittingham guilty of driving a vehicle while his license was suspended or revoked under 21 *Del. C.* § 2756(d), technically a lesser-included offense of the offense for which he was indicted, a violation of 21 *Del. C.* § 2756(a).

filed a motion to exclude two of his prior, uncounseled DUI convictions as qualifying predicates for fifth offense DUI. The Superior Court stayed sentencing pending another Superior Court's judge's ruling on that precise issue in *State v. Xenidis*.[2] On June 27, 2019, the Superior Court issued a written decision denying the defendant's motion to exclude his prior DUI convictions in *Xenidis*.[3] The Superior Court rejected the defendant's argument that due process required that the State prove that a defendant was represented by counsel or knowingly waived counsel in a prior misdemeanor DUI case in order to use that conviction to enhance the severity of a subsequent DUI conviction.[4] Following the ruling in *Xenidis*, the Superior Court denied Brittingham's motion to exclude his prior DUI convictions.

(2) On September 13, 2019, the Superior Court sentenced Brittingham for fifth offense DUI to five years of Level V incarceration, suspended after three years for two years of Level III probation, and for disregarding a police officer's signal, two years of Level V incarceration, suspended for one year of level III probation. The Superior Court imposed fines for Brittingham's traffic violations. This is Brittingham's direct appeal.

(3) The evidence presented at trial fairly established that at approximately 12:45 a.m. on June 20, 2018, New Castle County Police Officer Ted Wozniak was

---

[2] Del. Super., Cr. ID Nos. 1801011371, 1802005270.
[3] *State v. Xenidis*, 212 A.3d 292 (Del. Super. 2019).
[4] *Id.* at 307.

2

traveling northwest on Memorial Drive in New Castle, Delaware, when he noticed that the vehicle in front of him did not have its headlights illuminated and was swerving in and out of its lane of travel. Officer Wozniak activated his emergency lights and attempted to effectuate a traffic stop. The vehicle made several turns before eventually coming to a stop after approximately one mile. The driver, later identified as Brittingham, stumbled out of the car. Because Brittingham had trouble standing, Officer Wozniak did not attempt to perform field sobriety tests, opting instead to obtain a search warrant for a blood draw. Brittingham's blood was eventually drawn shortly after 4:00 a.m.—almost four hours after Brittingham was taken into custody—and a laboratory test revealed that Brittingham's blood alcohol level at that time was .19.

(4)    Briefing in Brittingham's appeal was stayed, pending the appeal in *Xenidis v. State*, No. 279, 2019. After this Court affirmed the Superior Court's decision in *Xenidis v. State*,[5] Brittingham's counsel on appeal filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Brittingham's attorney informed Brittingham of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Brittingham of his right to supplement his attorney's

---

[5] 2020 WL 1274624 (Del. Mar. 17, 2020).

presentation. Brittingham has raised issues for the Court's consideration, which counsel included in his Rule 26(c) brief. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably be raised on appeal. [6] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[7]

(6) In the points Brittingham has submitted for the Court's consideration, Brittingham summarily cites several constitutional provisions—the Fifth Amendment, the Sixth Amendment, and the Fourteenth Amendment—without further explanation or comment. Because Brittingham does not state the merits of these arguments, as required by Supreme Court Rule 14, Brittingham has waived these claims.[8] With respect to the remainder of Brittingham's arguments, they may be fairly summarized as follows: (i) trial counsel failed to argue that his mental

---

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[7] *Penson*, 488 U.S. at 81-82.
[8] Supr. Ct. R. 14(b)(vi); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

health was a mitigating factor for purposes of sentencing, (ii) his sentence exceeded the SENTAC guidelines; and (iii) the Superior Court improperly enhanced his sentence by considering his prior 1987 and 1989 DUI convictions.

(7)    As a preliminary matter, the Court generally will not consider claims of ineffective assistance of counsel on direct appeal,[9] and we decline to do so in this case. With regard to the legality of Brittingham's sentence, the Superior Court was *required* to impose a minimum mandatory three-year sentence for a fifth offense DUI.[10] Brittingham's sentence otherwise falls within the statutory limits, and this Court has repeatedly held that SENTAC guidelines are non-binding.[11] Finally, Brittingham's conclusory claim that the Superior Court improperly considered his 1987 and 1989 DUI convictions because they were "improperly adjudicated" is without merit.

(8)    The Court has reviewed the record carefully and has concluded that Brittingham's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Brittingham's counsel has made a conscientious effort to examine the record and the law and has properly determined that Brittingham could not raise a meritorious claim in this appeal.

---

[9] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[10] 21 *Del. C.* § 4177(d)(5).
[11] *Siple v. State*, 701 A.2d 79, 82-83 (Del. 1997).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice