196 A.2d 734 (1963)
The FRATERNAL ORDER OF FIREMEN OF WILMINGTON, DELAWARE, INC., a corporation of the State of Delaware, and John P. Zebley, Plaintiffs,
v.
Robert P. SHAW et al., constituting the Board of Trustees of the Firemen's Pension Fund, of the City of Wilmington, Defendants, and
Francis J. Maloney, Intervening Defendant.
Supreme Court of Delaware.
December 10, 1963.
Herman Cohen, Wilmington, for the plaintiffs.
*735 O. Francis Biondi and Frank J. Gentile, Jr., Wilmington, for the defendants, constituting the Board of Trustees of the Firemen's Pension Fund of the City of Wilmington.
Joseph T. Walsh, Wilmington, for Francis J. Maloney, intervening defendant.
Clair J. Killoran and E. Dickinson Griffenberg, Jr., of Killoran & Van Brunt, Wilmington, appearing for Association of Retired Delaware State Police, Inc. as amicus curiae.
TERRY, Chief Justice, and WOLCOTT and CAREY, JJ., sitting.
TERRY, Chief Justice:
On June 25, 1963, the Governor signed into law legislation which purported to increase pensions payable to firemen and widows of deceased firemen who had retired prior to or will retire subsequent to the effective date of the act. Plaintiffs, a retired fireman and a Firemen's Association, filed a complaint for temporary restraining order, preliminary injunction, and permanent injunction, seeking to enjoin the defendants from paying any such increased amount to firemen or widows of deceased firemen who had retired prior to the effective date of the act. Defendant Maloney, a retired fireman, was permitted to intervene in these proceedings, and the Court has granted permission to the association of Retired Delaware State Police, Inc. to file briefs and appear as an amicus curiae.
The Court of Chancery concluded that a prompt disposition of this matter was essential, and certified the following two questions to this Court, which were accepted for certification:
(1) Does Article VIII, Section 8, of the Delaware Constitution prohibit the General Assembly from increasing, by statutory amendment, the pension benefits payable by a municipality under a pension statute fund to public employees, or their widows, who have retired prior to the effective date of the amendment?
(2) Is an Act effecting the appropriation of public funds for the purpose of increasing benefits payable to public employees or their widows, retired prior to the effective date of the Act, an appropriation of public funds for other than public purposes?
Article VIII, Section 8, of the Delaware Constitution, Del.C.Ann. is as follows:
"No county, city, town or other municipality shall lend its credit or appropriate money to, or assume the debt of, or become a shareholder or joint owner in or with any private corporation or any person or company whatever."
Plaintiffs contend that since the City of Wilmington participated in the administration of the Firemen's Pension Fund, the fund is prohibited by the terms of this constitutional provision from making the increased payments in question since the payments amount to a purely private gratuity. The purpose of this constitutional provision has been clearly stated on previous occasions; the section in question is merely a restatement of the basic constitutional doctrine that public funds may not be used for a private purpose. If the act in question serves a public purpose, it will be held to be consistent with Article VIII, Section 8, of the Delaware Constitution notwithstanding the fact that proceeds or profit may inure to a private individual. See State v. Levy Court, 1 Pen. 597, 43 A. 552 (Del.Supreme Court, 1899) and Mayor and Council of Wilmington v. Wolcott, 12 Del.Ch. 379, 112 A. 703 (Del.Supreme Court, 1921). Therefore, since our answer to Question No. 1 would necessarily be identical to our reply to Question No. 2, we will proceed to an examination of the latter question.
*736 It is, of course, a basic rule of statutory construction, previously applied by the Courts of this State, that the legislature is presumed to be acting within its constitutional powers. See State v. Brown, 195 A.2d 379 (Del.Supreme Court, 1963). In addition, since the legislature has also acted to increase pensions payable to county employees, state employees, teachers, city police and state police, this continuous legislative finding of a public purpose as exemplified by the continuous and recurrent practice of adopting such legislation is entitled to great weight and respect. See In Re Opinion of the Justices, 177 A.2d 205 (Del.Supreme Court, 1962).
In determining whether or not a public purpose is served by the legislation in question, we are required to determine each specific case upon its own facts and circumstances. No general rule can be formulated to embrace all possible cases. See In Re Opinion of the Justices, cited supra. It is, however, clearly established that the fact that private individuals secure direct benefits from the legislation in question is no bar to a finding of public purpose. See Aetna Casualty and Surety Company v. Smith, 36 Del.Ch. 391, 131 A.2d 168 (Del.Supreme Court, 1957).
The legislation in question does not impair any existing rights held by those receiving pensions, nor does it purport to increase the class eligible to receive pensions. Its primary purpose is the equalization of pensions received by those who had retired prior to the act and those who will retire in the future. See People v. Board of Directors of Firemen's Pension Fund, 103 Colo. 1, 82 P.2d 765 (1938). Plaintiffs have cited decisions from other jurisdictions which have declared such increases invalid. An examination of these decisions indicates that those Courts were bound by an express constitutional provision preventing the payment of extra compensation to former public employees who had retired prior to the effective date of the act. See e. g., Koehnlein v. Retirement System for Employees, 373 Pa. 535, 97 A.2d 88 (1953); Sonnabend v. City of Spokane, 53 Wash.2d 362, 333 P.2d 918 (Wash.Supreme Court, 1958). Delaware has no such constitutional provisions and, accordingly, these decisions are inapposite.
The only decision presented to us holding that such an amendment is invalid in the absence of an express constitutional provision is State v. Lee, 21 Conn.Super. 116, 145 A.2d 378 (Conn.Superior Court, 1958). We note first that the cited language was dictum. Secondly, we entertain grave doubt if this decision of an inferior Connecticut Court represents the governing law in that State in view of the decision of the Connecticut Supreme Court in Lyman v. Adorno, 133 Conn. 511, 52 A.2d 702 (1947), which sustained the validity of a veterans bonus bill, which obviously represents payment for past services.
We believe that the act in question may be sustained upon the ground that the increase in question served notice upon those currently serving as active firemen and those who contemplate entering such public service that the legislature will endeavor to increase pensions in order to provide constant purchasing power consistent with the rising cost of living. Plaintiffs agree that a pension itself is a valid expenditure of funds for a public purpose since it encourages individuals to enter and remain in the public service. Plaintiffs, however, contend that recruiting and retention would be much better served by an increase in present salary rather than by an expectancy of future increases in pension rates. This argument, however, is addressed to the wisdom of the means employed by the legislature. Once the Court has found the existence of a valid public purpose, our inquiry must be at an end; we will not sit in judgment upon the wisdom of the means chosen to effect an admittedly valid purpose. See In Re Opinion of the Justices, cited supra.
The increase in question is merely a recognition of the inflationary trend experienced *737 by our economy since the Second World War and is an attempt to restore those pensions to the purchasing power originally employed by the recipient at the time of retirement.
We are of the opinion that the legislation involved is constitutional and carries with it a valid public purpose. We shall not attempt to weigh the public and private profits to be derived therefrom. The question thus becomes one of legislative policy and not of natural justice. Lyman v. Adorno, supra. The determination of the legislature in this regard is conclusive.
Accordingly, both questions are answered in the negative.