**John E. DOWNS, Plaintiff Below, Appellant,**

**v.**

**Leon JACOBS, a Constable of the State of Delaware, and Page, Incorporated, a Delaware corporation, Defendants Below, Appellees.**

Supreme Court of Delaware.

Dec. 4, 1970.

---

Sheldon N. Sandler, Community Law Service, and L. Vincent Ramunno, Wilmington, for plaintiff below, appellant.

Harvey B. Rubenstein and Abraham Hoffman, Wilmington, for defendants below, appellees.

CAREY and HERRMANN, Justices, and SHORT, Vice Chancellor, sitting.

HERRMANN, Justice:

In this appeal, we are required to decide whether the plaintiff tenant may recover damages against the defendant landlord and the defendant constable for a distraint for rent claimed to have been wrongful because the Delaware Landlord Distress Law (25 Del.C. §§ 5501–5706) is unconstitutional.

I

The tenant and the landlord became involved in a controversy over the condition of the apartment occupied by the tenant. The tenant informed the landlord of his intention to vacate the premises prior to the expiration of the one year lease. The landlord caused a distraint for unpaid rent to be made by the defendant constable who seized the tenant's household goods and chattels. The tenant brought this replevin action to dissolve the levy and sought damages therein, on the ground that the Landlord Distress Law is unconstitutional. The Superior Court dissolved the levy upon the holding that the tenant was justified in declaring the lease terminated; but the Superior Court denied damages on the ground that the landlord was justified in causing the levy to be made for unpaid rent in view of the factual situation regarding the condition of the premises. The Superior Court did not speak on the constitutional question. The tenant appeals.

II

The Delaware Landlord Distress Law has never been adjudged unconstitutional. Therefore, it is clothed by a presumption of constitutionality. Collison v. State ex rel. Green, Del.Supr., 9 W.W. Harr. 460, 2 A.2d 97 (1938); State v. Brown, Del.Supr., 195 A.2d 379 (1963); Fraternal Order of Firemen of Wilmington, Del., Inc. v. Shaw, Del.Supr., 41 Del.Ch. 399, 196 A.2d 734 (1963). The landlord and the constable in the instant case were entitled to rely upon that presumption of constitutionality and validity, and to act reasonably and in good faith under the provisions of the Law as it then existed. Citizens and public officials have a right to accept the law as it is written until it is repealed or judicially condemned. They are not required to speculate upon the validity of a statute or to act under it at their peril. Until legislatively or judicially excised, a statute is an operative fact. Courts presume every legislative act constitutional and indulge every intendment in favor of validity. No penalty may be visited upon citizens for doing likewise. See e. g., Lang v. City of Bayonne, 74 N.J.L. 455, 68 A. 90 (1907); Kimble v. Bender, 173 Md. 608, 196 A. 409 (1938); Austin v. Campbell, 91 Ariz. 195, 370 P.2d 769 (1962); Marckel v. Zitzow, 218 Minn. 305, 15 N.W.2d 777 (1944); Michigan City v. Brossman, 105 Ind.App. 259, 11 N.E.2d 538 (1937).

The tenant places principal reliance upon this statement in Becker v. State, Del.Super., 7 W.W.Harr. 454, 185 A. 92, 96 (1936): " * * * an unconstitutional act is as inoperative as if it had never been passed"; citing Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178 (1886). The *Norton* case stands for the ancient Blackstonion view that judges merely discover the law: "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplatiᵒⁿ, as in-

operative as though it had never been passed." A body of law has grown out of the *Norton* case to the effect that reliance on a statute, subsequently declared unconstitutional, does not protect one from civil or criminal responsibility for an act in reliance thereon which would otherwise subject him to responsibility. See Annotation, 53 A.L.R. 268, 269; e. g., Smith v. Costello, 77 Idaho 205, 290 P.2d 742 (1955); but compare State v. Village of Garden City, 74 Idaho 513, 265 P.2d 328 (1953).

The rule of the *Norton* case has been renounced by the United States Supreme Court. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); see Wainwright v. National Dairy Products Corp. (D.Ga.) 304 F.Supp. 567, 572–573 (1969).

The language of the *Becker* case, upon which the tenant relies, must be read in context. There, the Superior Court held that if the statute, under which the defendant was convicted, was an unconstitutional exercise of the legislative power, the court was without power to act and its judgment was a nullity. There can be no quarrel with that holding; but nothing more may be read into that case as to the issue before us. Insofar as *Becker* and *Norton* may be inconsistent with our holding herein, we overrule the former and decline to follow the latter.

For the reasons stated, we hold that the tenant may not recover damages from the landlord or the constable for a good faith reliance upon the Landlord Distress Law, even though the Law may be subsequently declared unconstitutional and invalid.

### III

This conclusion renders unnecessary to the disposition of this case a decision upon the constitutionality of the Landlord Distress Law.

It is the settled policy of this Court that a constitutional question will not be decided unless its determination is essential to the disposition of the case. Collison v. State ex rel. Green, Del.Supr., 9 W.W. Harr. 460, 2 A.2d 97 (1938); State ex rel. Morford v. Tatnall, Del.Supr., 2 Terry 273, 21 A.2d 185 (1941); State ex rel. Craven v. Schorr, Del.Supr., 11 Terry 193, 131 A.2d 158 (1957). We consider that policy of judicial restraint to be an important element in the orderly administration of justice. We adhere to it, although we know that on occasion, as here, an important constitutional question must ultimately be decided in a proper case. Accordingly, we hold that a review of the constitutionality of the Landlord Distress Law must await a suitable case in which that issue is essential to the disposition of the cause.

In passing, however, we invite the attention of the General Assembly to the possible effect upon the validity of the Delaware Landlord Distress Law of the recent decision of the United States Supreme Court in Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). There, with express recognition of the Delaware case of Ownbey v. Morgan, 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837 (1921) as an exception to the rule being established, it was held that, absent prior notice and hearing, Wisconsin's statutory prejudgment garnishment procedures violated fundamental principles of procedural due process under the Fourteenth Amendment. The progeny of *Sniadach* include the invalidation of provisions of welfare laws permitting suspension or termination of welfare aid, without prior notice or hearing [Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Wheeler v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970); Daniel v. Goliday, 398 U.S. 73, 90 S.Ct. 1722, 26 L.Ed.2d 57 (1970)]; the invalidation of a sale on landlord's distraint, without prior notice and hearing [Santiago v. McElroy (E.D.Pa.), 319 F.Supp. 284 decided October 26, 1970]; the invalidation of a seizure of furniture for unpaid installments, with-

out prior notice and hearing [LaPrease v. Raymours Furniture Company, Inc. (N.D. N.Y.) 315 F.Supp. 716 (1970)]; and the invalidation of the seizure of baggage under California's Inn-Keeper Law for an unpaid hotel bill, without prior notice and hearing [Klim v. Jones (N.D. Cal.), 315 F.Supp. 109 decided July 17, 1970].

Sooner or later, if the Delaware Landlord Distress Law remains unchanged, we may expect a case to be presented requiring our courts to determine the validity of the provisions of the Law which permit seizure by the landlord of the tenant's household goods and furniture for unpaid rent without prior notice and hearing. In the light of the current development of the law of procedural due process, the seizure provisions of the Law may well be brought to the attention of the General Assembly for such action as it deems proper.*

Affirmed.

---

* It is to be noted that a recent amendment to the Distress Law requires notice and hearing prior to a sale under a distraint.

See 57 Del.L. Ch. 641. The seizure provisions of the Law, however, were not included in the amendment.