373 A.2d 209 (1977)
Edmund L. PIEKARSKI, single, Joseph J. Piekarski, and Victoria, his wife, Joseph Lowicki, single, Helen Lowicki, widow, and Frank Lowicki, Defendants below, Appellants,
v.
The STATE of Delaware, upon the relation of the SECRETARY OF the DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, Plaintiff below, Appellee.
Supreme Court of Delaware.
Submitted November 9, 1976.
Decided April 19, 1977.
Stanley C. Lowicki, Wilmington, for defendants below, appellants.
June D. MacArtor, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.
Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.
PER CURIAM.
This is an appeal from an Order of Possession of the Superior Court for a permanent easement allowing the Department of Natural Resources and Environmental Control (Department) to undertake the placement of fill to protect the Bowers Beach from erosion and public access along the beach. The action was filed under the authority of 7 Del.C. § 6810(a) of the "Beach Preservation Act of 1972," (7 Del.C. 1953, § 6809; 58 Del.Laws ch. 566, § 10),[*] against defendants who own 17½% of the beach lots *210 and who refused to grant such an easement. The defendants contend there is no public necessity for the taking. They claim that they are entitled to compensation and that there are factual disputes. Compensation is not in issue and there are no material facts in dispute.
Defendants' public necessity argument brings into focus the factual background of the project which began with a request from residents of the Town of Bowers Beach to the State for assistance in beach erosion control on those properties fronting on Delaware Bay. Erosion was taking place to such an extent that some of the houses and their foundations were in danger of collapse. Since the State has no power to spend public funds for purely private benefits, Fraternal Order of Firemen of Wilmington v. Shaw, Del.Supr., 41 Del.Ch. 399, 196 A.2d 734 (1963), the Department attempted to, and did obtain easements from fifty-two of fifty-nine owners for placement of beach fill and future public use of that part of the properties covered by the easement. Defendants' properties are not at the extremities of the project, but in fact, almost in the middle of it. A review of the record before us clearly indicates that to fill and use publicly those properties on either side of defendants' would be impractical, undesirable and ineffective in erosion protection.
We are satisfied that the stated facts support the necessity for taking.

* * *
Affirmed.
NOTES
[*] 7 Del.C. § 6810(a) provides:

"(a) The Secretary may, through negotiation or condemnation proceedings under Chapter 61 of Title 10, acquire the fee simple or any lesser interests in the land whenever two thirds or more of the property owners of property included in the project area along a private beach, as defined by the Department, have agreed to allow the Department to undertake any or all necessary works to protect, and enhance the beaches; and allow free public access to the beach; provided, however, that the agreeing property owners own at least two thirds of the property included in the project area."