IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DIRECTOR OF REVENUE, | § | |
| | § | |
| Defendant-Below, | § | |
| Appellant/Cross-Appellee, | § | No. 18, 2021 |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| VERISIGN, INC. | § | |
| | § | C.A. No. N19C-08-093 |
| Plaintiff-Below, | § | |
| Appellee/Cross-Appellant | § | |

Submitted: September 22, 2021
Decided: November 29, 2021

Before **SEITZ**, Chief Justice; **VALIHURA**, **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices, constituting the Court *en banc*.

Upon appeal from the Superior Court. **AFFIRMED IN PART, REVERSED IN PART**

Anthony J. Testa, Jr., Esquire (argued), Matthew M. Warren, Esquire, Michael B. Cooksey, Esquire, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware; Tiffany R. Moseley, Esquire (argued), Steven S. Rosenthal, Esquire, LOEB & LOEB, Washington, D.C., *for Appellant/Cross-Appellee Director of Revenue*.

Frank. J. Gallo, Esquire (argued), Kyle O. Sollie, Esquire, Sebastian C. Watt, Esquire, Benjamin P. Chapple, Esquire, REED SMITH LLP, Wilmington, Delaware, *for Appellee/Cross-Appellant Verisign, Inc.*

**TRAYNOR,** Justice:

Verisign, Inc. claimed large net operating loss deductions on its 2015 and 2016 Delaware income tax returns, which reduced its bill to zero in both years. The Division of Revenue reviewed the returns and found that Verisign's use of net operating losses violated a longstanding, but non-statutory, Division policy. Under the policy, a corporate taxpayer that filed its federal tax returns with a consolidated group was prohibited from claiming a net operating loss deduction in Delaware that exceeded the consolidated net operating loss deduction on the federal return in which it participated. The Division applied the policy, determined that Verisign had underreported its income, and assessed the company $1.7 million in unpaid taxes and fees.

After Verisign's administrative protest of the assessment was denied, it appealed to the Superior Court. The Superior Court held that the policy violated the Uniformity Clause of Article VIII, § 1 of the Delaware Constitution—the provision requiring that "[a]ll taxes shall be uniform upon the same class of subjects"—and invalidated it.[1] We agree with the Superior Court that the Division's policy was invalid, but we affirm on alternate grounds. We hold that the policy exceeded the authority granted to the Division by the General Assembly in 30 *Del. C.* §§ 1901–1903. As a result, we decline to reach Verisign's constitutional claims.

---

[1] *Verisign, Inc. v. Dir. of Rev.*, 2020 WL 7640107, at *1 (Del. Super. Ct. Dec. 17, 2020).

I

A

Each non-exempt corporation that does business in Delaware must "annually pay a tax of 8.7 percent on its taxable income" derived from in-state activities.[2] The starting point for this calculation is the corporation's federal taxable income determined by the Internal Revenue Code, 26 U.S.C. §§ 1–1564 (the "IRC"), which is then subject to Delaware-specific additions, subtractions, and apportionment.[3] The IRC defines "federal taxable income" as "gross income minus the deductions allowed[.]"[4] One such deduction is for a net operating loss (or, "NOL"), which occurs when a filer has more deductions than income during a tax year.[5] A taxpayer may carry forward a net operating loss for 20 years after incurring it.[6]

---

[2] 30 *Del. C.* § 1902(a) ("Every domestic or foreign corporation that is not exempt . . . shall annually pay a tax of 8.7 percent on its taxable income, computed in accordance with § 1903 of this title, which shall be deemed to be its net income derived from business activities carried on and property located within the State during the income year.").

[3] *Id.*; *Id.* § 1903(b) ("'Taxable income' subject to taxation under this chapter means the portion of the entire net income of a corporation which is allocated and apportioned to this State[.]"); *Id.* § 1903(a)("The 'entire net income' of a corporation for any income year means the amount of its federal taxable income for such year as computed for purposes of the federal income tax increased by [additions and eliminations].").

[4] 26 U.S.C. § 63(a).

[5] *Id.* § 172(a)–(a)(1) ("There shall be allowed as a deduction for the taxable year an amount equal to [] the aggregate of the net operating loss carryovers to such year[.]"); *see also Versata Enter. v. Selectica, Inc.*, 5 A.3d 586, 589 (Del. 2010) ("NOLs are tax losses, realized and accumulated by a corporation, that can be used to shelter future (or immediate past) income from taxation. If taxable profit has been realized, the NOLs operate either to provide a refund of prior taxes paid or to reduce the amount of future income tax owed.").

[6] 26 U.S.C. § 172(b)(1)(A)(I).

Federal law allows affiliated corporations to file taxes together on a single consolidated return.[7]  Delaware law does not.  Instead, 30 *Del. C.* § 1903(a) ("Section 1903(a)") requires each corporate taxpayer to report "*its* taxable income,"[8] and the Division of Revenue (the "Division") asks each corporation that pays federal taxes on a consolidated basis "to calculate its stand-alone federal taxable income, including all deductions, in accordance with the IRC as if that corporation filed a separate company (non-consolidated) federal income tax return."[9]

Verisign, Inc. ("Verisign") is an internet infrastructure company incorporated in Delaware and headquartered in Virginia.[10]  During the tax years at issue in this case, Verisign operated a secure data center in New Castle, Delaware.[11]  Along with its affiliate corporations, it participated in a single federal income tax return as the VeriSign, Inc. & Subsidiaries consolidated group (the "Verisign Group.")[12]  Because Delaware does not accept consolidated returns, Verisign has filed standalone corporate income tax returns with the Division since 1995.[13]

---

[7] 26 U.S.C. § 1501 ("An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns.").

[8] 30 *Del. C.* § 1903(a) ("The 'entire net income' of *a corporation* for any income year means the amount of *its federal taxable* income for such year[.]") (emphasis added).

[9] Pre-Trial Stip. ¶ 7, App. to Verisign's Opening Br. and Answering Br. at B35 [hereinafter "B__"].

[10] *Id.* ¶ 1, B34; Compl. ¶¶ 1, 8.

[11] Compl. ¶ 6.

[12] Pre-Trial Stip. ¶ 3, B34.

[13] *Id.* ¶ 2, B34.

In 2015 and 2016, Verisign reported zero federal taxable income on a standalone basis.[14] It did so after deducting net operating losses of $114.9 million in 2015 and $156.7 million in 2016.[15] Because federal taxable income is the "starting point" for Delaware taxable income and Verisign had no significant state additions, it paid no Delaware income tax in either year.[16]

The Division reviewed Verisign's returns and determined that the company's use of net operating loss deductions violated a longstanding Division policy (the "Policy"). The Policy operated in two steps.[17] First, it required each corporate taxpayer to report its net operating loss calculated under IRC § 172.[18] Second, the Policy capped the taxpayer's net operating loss at the size of the consolidated NOL deduction reported by its federal filing group and calculated under Treasury Regulation § 1.1502–21.[19] The Policy exempted filers who completed a federal

---

[14] *Id.* ¶ 18, B38 ("Verisign completed its 2015 and 2016 Delaware corporate income tax return, form 1100, by reporting zero federal taxable income.").
[15] *Id.* ¶¶ 15–16, B37–38.
[16] *Ids.*; Verisign Amended 2015 Form 1100, App. to Director's Opening Br. at A133 [hereinafter "A__"]; Verisign Amended 2016 Form 1100, A142.
[17] The Division did not make a representation as to whether it continues to apply the Policy, and Verisign challenges the Division's assessments for 2015 and 2016 only. That said, on July 30, 2021—during the pendency of this appeal—the General Assembly codified much of the Policy in 30 *Del. C.* § 1903(a)(2)i. Given this legislative activity, we refer to the Policy in the past tense and make no comment about the validity of the amended Section 1903. We note that the amended Section 1903 does not codify the Policy's exception for Delaware corporate taxpayers who filed a federal consolidated return exclusively with other Delaware corporate taxpayers.
[18] Johns Dep. 21:15–23, B61.
[19] *Id.*; 26 C.F.R. § 1.1502–21 (Net operating losses); Pre-Trial Stip. ¶ 8, B35.

consolidated return exclusively with other Delaware taxpayers.[20] Verisign did not qualify for this exception.[21]

During the tax years at issue here, the Policy was located in the Division's internal manual for auditors,[22] but the Division cannot explain how it got there or why it was enacted.[23] All the Division has offered on this point is that the Policy "has been in place for at least 30 years and in any event longer than any current employee of the division can remember."[24] When asked about the authority for the Policy, the Division's Rule 30(b)(6) witness testified that "[i]t's not in the statute."[25]

The Division applied the Policy to Verisign and found that the company was not permitted to deduct net operating losses larger than $38.7 million in 2015 and $2.1 million in 2016, which were the consolidated net operating losses used by the Verisign Group in those years.[26] Because Verisign exceeded the Policy's deduction limit by more than $230 million, the Division found that the company had underreported its income and assessed it $1.7 million in tax and penalties.[27]

---

[20] Pre-Trial Stip. ¶ 9, B36.

[21] *Id.* ¶¶ 11, 26, B36, 41.

[22] BMF Audit & Reconciliation Sys. Detailed Instructions at 372, B123 ("If not all members file in Delaware, and taxpayer is attempting to utilize a previous NOL, [the Division] needs to ensure that the NOL amount does not exceed the consolidatred [sic] amount of the current year NOL."); *see also* Pre-Trial Stip. ¶ 9, B36.

[23] Pre-Trial Stip. ¶ 35, B44.

[24] *Id.* ("[The Policy] has been in place for at least 30 years and in any event longer than any current employee of the Division can remember."); Johns Dep. 54:16–55:22, B67–68:

[25] Johns Dep. 64:13–23, B69.

[26] Pre-Trial Stip. ¶ 23, B40.

[27] *Id.* ¶ 26, B41.

6

Verisign filed a protest, and the Director denied it on April 9, 2019.[28] Verisign then petitioned the Tax Appeal Board and subsequently removed the petition to the Superior Court.[29]

## B

In the Superior Court, the parties filed cross-motions for summary judgment based on stipulated facts.[30] Verisign argued that the Division's net operating loss Policy was not consistent with 30 *Del. C.* §§ 1901–1903.[31] It also claimed that the Policy—even if valid under the Delaware Code—violated the Uniformity Clause of the Delaware Constitution and the Dormant and Foreign Commerce Clauses of the United States Constitution.[32] The Division argued that the Policy was authorized by statute and denied any constitutional violations.[33]

The Superior Court held that the Policy was invalid, struck the Division's $1.7 million assessment of Verisign, and determined that Verisign could continue to deduct the full value of its net operating losses calculated under IRC § 172.[34] Although the court found that the Policy complied with the Delaware Code's corporate income tax statutes and did not violate the Dormant Commerce Clause,

---

[28] *Id.* ¶ 27, B41; Not. of Removal, A69; *see* 30 *Del. C.* § 523.
[29] Pre-Trial Stip. ¶ 28, B42.
[30] *Verisign*, 2020 WL 7640107, at *1.
[31] *Id.* at *5.
[32] *Id.* at *7, 10 n.127.
[33] *Id.* at *5, 7.
[34] *Id.* at *1, 11; Final Order, B1.

the court concluded that the Policy violated the Uniformity Clause of the Delaware Constitution.[35] As mentioned, the relevant text of the Delaware Constitution is found in Section 1 of Article VIII and, in pertinent part, provides that "[a]ll taxes shall be uniform upon the same class of subjects[.]"[36] The court held that the Policy was invalid because it treated a single class of taxpayers—Delaware corporate income tax filers—differently based on whether they filed federal taxes as a member of a consolidated group or individually.[37] The court explained that this classification was not entitled to deference because it was made by an agency—the Division—and not the legislature.[38]

C

On July 30, 2021, the General Assembly enacted House Bill. No. 171. Section Five of the legislation amends 30 *Del. C.* § 1903(a) to codify much of the Policy.[39] Although Section 1903(a) still taxes each corporation based on "its federal taxable income," § 1903(a)(2)i now includes an explicit textual warrant for capping a filer's net operating loss at the value of the consolidated NOL deduction claimed by its federal filing group.[40] As amended, the statute allows for "[a] deduction for a net

---

[35] *Verisign*, 2020 WL 7640107, at *11. The Superior Court did not reach the question of whether the Policy violated the Foreign Commerce Clause of the United States Constitution. *Id.* at *10 n.127.

[36] Del. Const. art. VIII, § 1.

[37] *Verisign*, 2020 WL 7640107 at *10–11.

[38] *Id.* at *10.

[39] 30 *Del. C.* § 1903(a)(2)i.

[40] *Id.*

operating loss carryforward calculated in accordance with the [IRC], provided however that the deduction may not exceed that amount claimed on the federal return filed for the taxable year in which the taxpayer was included as a party."[41]  Unlike the Policy, the amended statute does not have a carve-out for taxpayers who file a consolidated federal return exclusively with other Delaware taxpayers.

## II

We review agency action "to determine whether [the agency] acted within its statutory authority[.]"[42]  We review questions of statutory interpretation *de novo* and do not defer to an agency's interpretation of a statute.[43]

## III

To withstand judicial review, a challenged agency action must comply with the Delaware Code.[44]  Thus, although Verisign attacks the Policy with three constitutional claims, the threshold question is whether the Policy was consistent with 30 *Del. C.* §§ 1901–1903 before the 2021 amendment.  We agree with Verisign's lead argument below that the Policy contravened the plain language of Title 30 and was therefore invalid.[45]  We do not reach Verisign's constitutional claims because "[i]t is the settled policy of this Court that a constitutional question

---

[41] *Id.*

[42] *Sullivan v. Mayor of Town of Elsmere*, 23 A.3d 128, 132 (Del. 2011) (internal citations omitted).

[43] *Del. Dep't of Natural Res. & Envtl. Control v. Sussex Cnty.*, 34 A.3d 1087, 1090 (Del. 2011).

[44] *Sullivan*, 23 A.3d at 132.

[45] *See* Compl. ¶ 5.

will not be decided unless its determination is essential to the disposition of the case."[46]

## A

In its Complaint, Verisign alleged that the Division "has erroneously determined that Verisign must compute its net operating losses . . . on a basis that consolidates Verisign with Verisign's affiliates" in violation of Sections 1901–1903.[47] The Superior Court found that the Policy complied with the Delaware Code.[48] We disagree. We interpret Title 30—as it read before the 2021 amendment—as requiring each corporate taxpayer to report income and deductions as a standalone entity, rather than on a consolidated basis.

When interpreting a statute, our goal is "to ascertain and give effect to the intent of the legislators, as expressed in the statute."[49] If the plain statutory text admits only one reading, we apply it.[50] If there is a legitimate ambiguity, we consult the canons of statutory construction and may consider legislative history.[51] That

---

[46] *Downs v. Jacobs*, 272 A.2d 706, 708 (Del. 1970); *see also Meso Scale Diagnostics, LLC. V. Roche Diagnostics GmbH*, 247 A.3d 229, 251 n.115 (Del. 2021); *Jean v. Nelson*, 472 U.S. 846, 854 (1985) ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision."); *Ashawander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.").

[47] Compl. ¶5(b); *see* Pre-Trial Stip. at 2, B30; *Verisign*, 2020 WL 7640107, at *5.

[48] *Verisign*, 2020 WL 7640107, at *5.

[49] *Dewey Beach Ent., Inc. v. Bd. of Adjustment of Town of Dewey Beach*, 1 A.3d 305, 307 (Del. 2020); *see also Spintz v. Div. of Fam. Servs.*, 228 A.3d 691, 698 (Del. 2020).

[50] *In re Port of Wilmington Gantry Crane Litig.*, 238 A.3d 921, 927 (Del. 2020).

[51] *Dewey Beach*, 1 A.3d at 307.

said, "[t]he fact that the parties disagree about the meaning of a statute does not create ambiguity."[52] Here, "the text of [the] statute is clear [and] the Court need not go on to consider the act's legislative history[.]"[53]

Title 30 is hardly beach reading, but its provisions during the tax years at issue here established that each Delaware corporate taxpayer was required to report income and deductions on a single-entity basis. Section 1902(a) mandated that "*[e]very* domestic or foreign corporation that is not exempt . . . shall annually pay a tax . . . on *its* taxable income[.]"[54] Section 1903(b) then provided that "'[t]axable income' subject to taxation under this chapter means the portion of entire net income of *a corporation* which is allocated and apportioned to this State[.]"[55] Finally, Section 1903(a) defined the "'entire net income' of *a corporation* [as] the amount of *its* federal taxable income for such year as computed for the purposes of the federal income tax[.]"[56] Thus, the operative provisions of Sections 1902 and 1903 obligated each eligible corporation to pay Delaware income tax as a singular entity. They did not authorize the use of a consolidated deduction, which by definition takes into account the income and deductions of multiple entities.[57]

---

[52] *Chase Alexa, LLC v. Kent Cnty. Levy Court*, 991 A.2d 1148, 1151 (Del. 2010); *see also Ins. Com'r of State of Del. v. Sun Life Assur. Co. of Can. (U.S.)*, 21 A.3d 15, 20 (Del. 2011).
[53] *Port of Wilmington*, 238 A.3d at 937.
[54] 30 *Del. C.* § 1902(a) (emphasis added).
[55] *Id.* § 1903(b) (emphasis added).
[56] *Id.* § 1903(a) (emphasis added).
[57] *See* 26 C.F.R. § 1.1502–21(a) (defining consolidated net operating loss).

Even if Title 30 left room for doubt, the Division's approach to every other component of taxable income confirms that Verisign's reading is correct. The Corporate Income Tax Instructions for 2015 provided, in pertinent part, that "[t]he starting point for Delaware corporate income taxes is Federal taxable income of the *separate* corporation, as if *each* corporation had filed a *separate* Federal corporate income tax return."[58] The Division linked this single-entity filing requirement directly to Section 1902(a).[59] Accordingly, it instructed filers that "a corporation that files its federal income tax return as a member of a federal consolidated group [is required to] calculate its stand-alone federal taxable income, *including all deductions*, in accordance with the IRC[.]"[60]

Consistent with this guidance, the Division required each corporate income taxpayer to submit a *pro forma* IRS Form 1120 detailing the filer's federal taxable income calculation.[61] If a corporation was a member of a federal consolidated group, it had to "furnish a spread sheet . . . reconciling the separate items of each member corporation to the consolidated totals."[62] IRS Form 1120 calculated federal taxable

---

[58] 2015 Del. Corp. Income Tax Return Instructions at 3, A171. The 2016 instructions are identical in this regard. A178.
[59] *See, e.g.*, Director's Opening Br. at 14 (explaining that Section 1902(a) provides a "requirement that all Delaware corporate taxpayers file single entity returns[.]").
[60] Pre-Trial Stip. ¶ 7, B35.
[61] 2015 Del. Corp. Income Tax Instructions at 3, A171; Johns Dep. 19:14–22:24, B59–62; Corporate Income Tax Frequently Asked Questions, B81.
[62] 2015 Del. Corp. Income Tax Instructions at 3, A171.

income through 29 lines of income and deductions.[63]  For the first 28 lines, the Division asked each filer to report a separate-company figure.[64]

Only on line 29—where the taxpayer recorded its net operating loss computed under IRC § 172—did the Division apply the Policy and limit the filer to the consolidated net operating loss claimed on the federal return in which it participated.[65]  This limitation is calculated under Treas. Reg. § 1.1502–21, which provides that "the consolidated net operating loss deduction (or CNOL deduction) for any consolidated return year is *the aggregate* of the net operating loss carryovers and carrybacks to the year"[66] including "[a]ny net operating losses [] of *the members* arising in separate return years."[67]  This use of an "aggregate" deduction corresponding to the losses of multiple "members" was flatly inconsistent with Section 1902(a)'s mandate that each eligible corporation "shall annually pay a tax . . . on *its* taxable income[.]"  Put differently, refusing to allow a corporation to claim its actual standalone net operating loss deduction caused the corporation to pay taxes on an amount of income that was not its taxable income as defined by Section 1903(a).

---

[63] Verisign Amended 2015 Form 1120, A132.
[64] Johns Dep. 20:5–21:2, B60–61.
[65] *Id.* 21:3–21, B61.
[66] Pre-Trial Stip. ¶¶ 21–23, B40; 26 C.F.R. § 1.1502–21(a) (Net operating losses); Pre-Trial Stip. ¶ 8, B35.
[67] 26 C.F.R. § 1.1502-21(a)(ii).

13

Finally, the Division did not apply the Policy when the corporate taxpayer was a member of a federal filing group of other Delaware taxpayers.[68] The Division does not even attempt to direct the Court to statutory text supporting this carveout. Nor can anyone at the Division recall how or why any part of the Policy was adopted. All the Division can offer on this point is that the Policy "has been in place for at least 30 years and in any event longer than any current employee of the division can remember."[69] The Division's Rule 30(b)(6) witness commendably admitted that the Policy "[is] not in the statute."[70]

In our view, before the 2021 amendment, Sections 1901–1903 imposed a tax on each eligible corporation's standalone taxable income. The Division's Policy manipulated this tax base by requiring only certain taxpayers to use a consolidated net operating loss deduction based on aggregate income and deductions reported by a group of multiple companies. This violated the plain meaning of Sections 1901–1903.

---

[68] BMF Audit & Reconciliation Sys. Detailed Instructions at 372, B123 ("If not all members file in Delaware, and taxpayer is attempting to utilize a previous NOL, [the Division] needs to ensure that the NOL amount does not exceed the consolidatred [sic] amount of the current year NOL."); *see also* Pre-Trial Stip. ¶ 9, B36.

[69] Pre-Trial Stip. ¶ 35, B44 ("[The Policy] has been in place for at least 30 years and in any event longer than any current employee of the Division can remember."); *see also* Johns Dep. 54:16–55:22, B67–68.

[70] Johns Dep. 64:13–23, B69.

14

The Division defends the statutory validity of its Policy with four principal arguments. *First*, it contends that Section 1903(a) instructed corporate taxpayers to report their entire net income "as computed for federal purposes," thus requiring each standalone filer to apply on its Delaware return whatever net operating loss was claimed on the federal return in which it participated.[71] In the Division's view, the statute "literally" required this approach, but only when the consolidated net operating loss was less than the standalone net operating loss.[72] We cannot reconcile this interpretation of Section 1903(a) with the text of Section 1902(a), which provides that "*[e]very* [non-exempt] corporation . . . shall annually pay a tax . . . on *its* taxable income."[73] Nor can we square the Division's proffered construction with its stipulated practice of requiring each taxpayer "to calculate its stand-alone federal taxable income, including all deductions, in accordance with the IRC as if that corporation filed a separate company (non-consolidated) federal income tax return."[74]

*Second,* the Division maintains that the net operating loss deduction is entirely discretionary, can be eliminated by the Division at any moment, and therefore can

---

[71] Director's Opening Br. at 14.
[72] *Id.* at 15; Pre-Trial Stip. ¶ 8, B35.
[73] 30 *Del. C.* § 1902(a).
[74] Pre-Trial Stip. ¶ 7, B35.

be applied as the Division sees fit.[75] We disagree. Section 1903(a) established a corporation's "federal taxable income" as the starting point for its Delaware income tax liability, and under the IRC federal "taxable income" "means gross income minus the deductions allowed by this chapter[,]" which includes the net operating loss deduction in IRC § 172.[76]

*Third*, the Division argued—and the Superior Court agreed—that the Superior Court's 1985 decision in *Cluett, Peabody & Co. v. Director of Revenue*[77] considered the Division's interpretation of Section 1903 and approved it.[78] Of course, we are not bound to follow *Cluett* and, in any case, distinguish it on its facts. In *Cluett*, the taxpayer attempted to claim a net operating loss deduction but "the Division concluded that [the taxpayer's] losses had previously been offset against the taxpayer's taxable income[.]"[79] Here, the Division concedes that Verisign had accumulated nearly $2.9 billion in net operating losses by 2014 and does not argue that these losses were exhausted before Verisign filed its 2015 and 2016 Delaware

---

[75] Director's Opening Br. at 18.
[76] 30 *Del. C.* § 1903(a); *Id.* § 1901(10); 26 U.S.C. § 63(a); *Id.* § 172(c). The Division also cites a 1962 decision of the Tax Appeal Board which concluded that "Delaware law grants only those deductions which are allowable in computing a corporation's Federal taxable income for the particular year." Director's Answering Br. and Reply Br. at 18–19. This language does not support the Policy because Verisign claimed a net operating loss deduction in 2015 and 2016 that was concededly "allowable" under federal law.
[77] 1985 Del. Super. LEXIS 1089, at *1 (Del. Super. Ct. Jan. 22, 1985).
[78] Director's Answering Br. and Reply Br. at 17.
[79] *Cluett*, 1985 Del. Super. LEXIS 1089, at *4.

returns.[80]  Any statements in *Cluett* about Section 1903 therefore do not reach the precise issues raised in this case.

*Fourth*, the Division claims that Verisign originally reported positive federal taxable income in 2015 and 2016 and that this undercuts its complaints about the Policy.[81]  But the parties stipulated that "Verisign completed its 2015 and 2016 Delaware corporate income tax return, form 1100, by reporting zero federal taxable income."[82]  They also stipulated to a chart showing that Verisign's "taxable income" under IRC § 63 was zero in 2015 and 2016.[83]  The Superior Court considered the record in full and concluded that Verisign in 2015 "reduced its federal taxable income . . . to zero" and in 2016 "reduced its federal taxable income . . . to zero."[84]  Despite the confusion created by the Division's attack on the facts to which it stipulated, we agree with the Superior Court: the record clearly establishes that Verisign attempted to deduct net operating losses that exceeded the amount permitted by the Division's Policy, which is the critical issue in this litigation.

---

[80] Pre-Trial Stip. ¶ 13, B36–37.

[81] Director's Answering Br. and Reply Br. at 21–25.

[82] Pre-Trial Stip. ¶ 17, B38.

[83] *Id.* ¶ 18, B38. And, for good measure, they stipulated that any reporting quirk of Verisign's original filings was inconsequential "and in fact did reflect [] the same Delaware tax result" as if Verisign had reported zero in federal taxable income. *Id.* ¶ 18(a), B39.  The record shows that Verisign initially reported positive federal taxable income in 2015 and 2016 on line 1 of its Delaware returns and reduced it by taking standalone NOL deductions on line 2(g). A135–136 (2015), A144–145 (2016).  At some later point, Verisign prepared amended returns for both years showing the entire NOL deduction on line 29 of Form 1120 and $0 in federal taxable income on line 1 of the Delaware returns, although it is unclear if these amended statements were filed. A132–133 (2015), A141–142 (2016).

[84] *Verisign*, 2020 WL 7640107, at *3

17

C

The Division concedes—as it must—"that under 30 *Del. C.* § 1903(b) the starting point of state taxable income is the corporation's federal taxable income as computed under the Internal Revenue Code[.]"[85] The parties stipulated to the Superior Court that Verisign's 2015 and 2016 federal taxable income computed under the IRC was zero.[86] The Division's NOL Policy operated to manipulate Verisign's federal taxable income by substituting a consolidated net operating loss figure for Verisign's own, single-entity net operating loss. This Policy exceeded the Director's authority under 30 *Del. C.* §§ 1901–1903.

IV

The Superior Court found that the Division's net operating loss Policy complied with Title 30.[87] The court therefore considered Verisign's constitutional claims.[88] In a thoughtful and well-reasoned analysis, it held that the Policy violated the Uniformity Clause of the Delaware Constitution because it treated Delaware corporate taxpayers differently on the basis of their federal filing status.[89] The court explained that, although we have deferred to tax classifications enacted by the

---

[85] Director's Answering Br. and Reply Br. at 2.
[86] Pre-Trial Stip. ¶ 17, B38.
[87] *Verisign*, 2020 WL 7640107, at *7.
[88] *Id.* at *8–11.
[89] *Id.* at *10 (citing *Burpulis v. Dir. of Rev.*, 498 A.2d 1082, 1087 (Del. 1985)).

General Assembly, this Court has not extended that deference to agency-level classifications.[90]

We do not address the Uniformity Clause or Verisign's claims under the United States Constitution because we have decided that the Division's Policy violated Title 30. Thus, our analysis of Verisign's constitutional arguments would not change the disposition of this appeal. As we explained in *Downs v. Jacobs*, "[i]t is the settled policy of this Court that a constitutional question will not be decided unless its determination is essential to the disposition of the case."[91]

V

We hold that the Director of Revenue's net operating loss Policy violated 30 *Del. C.* §§ 1901–1903. We therefore invalidate the Policy and strike the Division's assessment of Verisign for the 2015 and 2016 tax years. As a result, the Superior Court's Final Order to this effect is affirmed.

---

[90] *Verisign*, 2020 WL 7640107, at *10 (citing *Wilmington Med. Ctr. v. Bradford*, 382 A.2d 1338, 1344 (Del. 1978)).

[91] *Downs*, 272 A.2d at 708 ("We consider that policy of judicial restraint to be an important element in the orderly administration of justice."); *see also Meso Scale Diagnostics*, 247 A.3d at 251 n.115; *Jean*, 472 U.S. at 854 ("Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision."); *Ashawander v. TVA*, 297 U.S. at 347 (Brandeis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.").